UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVAN ALATORRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-171-MJD-SEB |
| | ) |
| PICO D'GALLO, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant, Pico D'Gallo, Inc., by its undersigned counsel, hereby answers Plaintiff's Complaint, as follows:

1. Plaintiff, Ivan Alatorre ("Alatorre"), brings this action against Defendant, Pico D'Gallo, Inc. ("Defendant"), for unlawfully violating his rights as protected by the Fair Labor Standards Act ("FLSA").

   **ANSWER:**

   Defendant admits that Plaintiff brings this action against it under the Fair Labor Standards Act (FLSA), but it denies any other allegations in this paragraph.

## PARTIES

2. Alatorre has resided within the Southern District of Indiana at all relevant times.

   **ANSWER:**

   Defendant admits.

3. Defendant is a corporation doing business in the Southern District of Indiana.

   **ANSWER:**

   Defendant admits.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

    **ANSWER:**

    Defendant admits that this Court has subject matter jurisdiction over Plaintiff's allegations against it.

5. Alatorre was an "employee" within the meaning of 29 U.S.C. §203(e).

    **ANSWER:**

    Defendant admits.

6. Defendant is an "employer" within the meaning of 29 U.S.C. §203(d).

    **ANSWER:**

    Defendant admits.

7. Venue is proper in this Court because all acts, transactions, and occurrences giving rise to this complaint occurred in Johnson County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

    **ANSWER:**

    Defendant admits that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

8. Defendant employed Alatorre as a server/bartender from on or around November 4, 2016 until November 5, 2018.

    **ANSWER:**

    Defendant admits.

9. As a server/bartender, Alatorre customarily and regularly received more than $30.00/month in tips.

**ANSWER:**

Defendant admits.

10. During his employment with Defendant, Defendant paid Alatorre an hourly rate of $2.13/hour.

    **ANSWER:**

    Defendant admits.

11. At no time during his employment with Defendant did Defendant inform Alatorre, orally or in writing, that it was taking a tip credit from his wages pursuant to 29 U.S.C. § 203(m), as required by 29 C.F.R. § 531.59(b).

    **ANSWER:**

    Defendant denies.

12. During his employment with Defendant, Alatorre routinely and regularly worked more than 40 hours each week.

    **ANSWER:**

    Defendant admits that Plaintiff worked more than 40 hours during some work weeks. It denies any other allegations or characterizations of this paragraph.

13. Defendant did not pay Alatorre overtime rates for all hours worked by him in excess of 40 per week.

    **ANSWER:**

    Defendant admits that for some weeks it did not compensate Plaintiff correctly for all hours worked by him in excess of 40 hours per week, and when it discovered its error it corrected it, but it denies that any errors in compensating Plaintiff were willful or reckless.

14. Alatorre has suffered injury as a result of Defendant's unlawful actions.

    **ANSWER:**

    Defendant admits that Plaintiff claims he has suffered injury but it denies its actions were unlawful.

## CAUSES OF ACTION

## COUNT I - MINIMUM WAGE VIOLATIONS

15. Alatorre incorporates by reference paragraphs 1-14 of his Complaint.

    **ANSWER:**

    Defendant incorporates by reference its answers to paragraphs 1-14.

16. Defendant did not pay Alatorre the minimum wage for all hours worked by him.

    **ANSWER:**

    Defendant admits that for some weeks it did not compensate Plaintiff correctly for all hours worked by him, and when it discovered its error it corrected it, but it denies that any errors in compensating Plaintiff were willful or reckless.

17. Defendant's actions have been willful and in reckless disregard of Alatorre's rights as protected by the FLSA.

    **ANSWER:**

    Defendant denies.

## COUNT II - OVERTIME WAGE VIOLATIONS

18. Alatorre incorporates by reference paragraphs 1-17 of his Complaint.

    **ANSWER:**

Defendant incorporates by reference its answers to paragraphs 1-17.

19. Defendant failed to compensate Alatorre fully and completely for all overtime hours earned by him.

**ANSWER:**

Defendant admits that for some weeks it did not compensate Plaintiff correctly for all hours worked by him in excess of 40 hours per week, and when it discovered its error it corrected it, but it denies that any errors in compensating Plaintiff were willful or reckless.

20. Defendant's actions have been willful and in reckless disregard of Alatorre's rights as protected by the FLSA.

**ANSWER:**

Defendant denies.

## **AFFIRMATIVE DEFENSE**

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.
2. At all times Defendant acted in good faith in compensating Plaintiff for services rendered to it and had reasonable grounds for believing its actions were in compliance with the FLSA.
3. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.
4. The Complaint fails to state a claim upon which relief may be granted.
5. Defendant invokes the defenses, protections, and limitations of the FLSA.

6. Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant.

7. Plaintiff is not entitled to liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

                          Respectfully submitted,

                          /s/William R. Groth
                          William R. Groth

FILLENWARTH DENNERLINE GROTH & TOWE, LLC
429 East Vermont Street, Suite 200
Indianapolis, IN 46202
Telephone: (317) 353-9363
Telecopier: (317) 351-7232
E-mail: wgroth@fdgtlaborlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2019, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

        John H. Haskin
        Samuel M. Adams
        JOHN H. HASKIN & ASSOCIATES
        jhaskin@jhaskinlaw.com
        sadams@jhaskinlaw.com

                          /s/William R. Groth
                          William R. Groth